UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY JOE HARO,<br><br>Plaintiff,<br><br>v.<br><br>T. NGUYEN, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-00448-KES-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT<br><br>AND<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE THIS CASE<br><br>Docs. 50, 51, 59 |

Plaintiff Johnny Joe Haro is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on plaintiff's Eighth Amendment claims against defendants Jeng, Nguyen, and Lai for deliberate indifference to his serious medical needs, based on plaintiff's allegations that defendants purposefully failed to address his dental needs. Doc. 10. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 26, 2024, the assigned magistrate judge issued findings and recommendations recommending that defendants' motions for summary judgment (Docs. 50, 51) be granted. Doc. 59. The magistrate judge found that defendants met their initial burden of presenting evidence demonstrating the absence of a genuine issue of material fact, by presenting evidence establishing that defendants were not deliberately indifferent to a serious medical need. *Id.* at 14. The magistrate judge found the burden therefore shifted to plaintiff to demonstrate a genuine

dispute of material fact, but that plaintiff failed to set forth any evidence from which a jury could reasonably render a verdict in his favor. *Id.* Specifically, the magistrate judge noted that "[a]lthough [p]laintiff claims that a mouth guard should have been provided, this at most indicates a difference of opinion as to his medical care. Additionally, while he asserts that [the defendants] should have provided antibiotics, he does not specifically refute the evidence presented by [d]efendants that antibiotics were provided on multiple occasions. Nor does he provide evidence of a specific time that he required antibiotics but that [d]efendants failed to provide them." *Id.* The magistrate judge therefore concluded that defendants were entitled to summary judgment. *Id.* Plaintiff timely filed objections to the findings and recommendations. Doc. 60.

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the file, including plaintiff's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Plaintiff's objections essentially repeat arguments he raised in his opposition to the motions for summary judgment and that were correctly addressed in the findings and recommendations. *See* Docs. 54, 59, 60. Plaintiff's contention that the magistrate judge did not address plaintiff's assertion that he requested a mouthguard is without merit. *See, e.g.*, Doc. 59 at 15 ("[a]lthough [p]laintiff claims that a mouth guard should have been provided, this at most indicates a difference of opinion as to his medical care").[1] Plaintiff's objections do not identify any error in the magistrate judge's findings and recommendations.

---

[1] Plaintiff attached two documents with his objections. *See* Doc. 60 at 3–4. To the extent plaintiff did not submit these exhibits in opposition to the summary judgment motions, they are not properly submitted in objection to the findings and recommendations. In any event, neither document creates a genuine issue of material fact or otherwise undermines the finding that defendants are entitled to summary judgment. The first is an x-ray of plaintiff's teeth without context or explanation. Doc. 60 at 3. The second is a refusal of dental services form dated November 23, 2022, stating that plaintiff "presented to the dental clinic and is refusing to his [appointment] today." *Id.* at 4. On the form, plaintiff wrote that his teeth were damaged due to bruxism, he was still waiting for a night guard, and "deliberate indifference" was causing damage to his teeth. *Id.* The form is dated well after plaintiff's interactions with the defendants. *See* Doc. 51-6 ¶ 16 (plaintiff's last interaction with defendant Nguyen was on March 17, 2021); Doc. 51-6 ¶ 17 (plaintiff's last interaction with defendant Lai was on March 22, 2021). Additionally, as the magistrate judge noted, plaintiff did not dispute defendants Nguyen and Lai's undisputed facts that no dentist had diagnosed plaintiff with bruxism nor informed him that his teeth had

Accordingly:

1) The findings and recommendations issued June 26, 2024, Doc. 59, are ADOPTED IN FULL;

2) Defendants' motions for summary judgment (Docs. 50, 51) are GRANTED;

3) The Clerk of the Court is directed to enter judgment for defendants Dr. Kai-Chin Jeng, Dr. Nguyen, and Dr. Lai; and

4) The Clerk of Court is directed to terminate any pending motions and deadlines and to close this case.

IT IS SO ORDERED.

Dated:   October 12, 2025

UNITED STATES DISTRICT JUDGE

---

been damaged due to bruxism. Doc. 59 at 11. Nor did he dispute that he was informed by Dr. Nash that he must first have certain teeth extracted before he could receive a mouthguard, and that he refused the recommended treatment. *Id.*

3